# Krings *v.* Krings, Appellant.

*Deed—Mental capacity of grantor—Consideration—Fraud—Equity.*

On a bill in equity to declare a deed void, a decree in favor of plaintiff will not be reversed by the appellate court where it is based on findings of fact sustained by competent proof to the effect that the grantor at the time of the execution of the deed was of feeble mind and incompetent to transact business, that the deed was without consideration, and that the defendants had fraudulently conspired to procure its execution.

Argued April 29, 1910.    Appeal No. 160, April T., 1910, by defendant, from decree of C. P. No. 2 Allegheny Co., July T., 1909, No. 691, on bill in equity in case of Ferdinand Krings v. Martin Krings.    Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.    Affirmed.

Bill in equity to declare a deed void.    Before FRAZER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was decree in favor of the plaintiff.

*Charles W. Jones,* for appellant.

*T. C. Jones,* for appellee.

OPINION BY MORRISON, J., July 20, 1910:

This case and the suit of the same plaintiff against Maud Peterson Crossin at No. 161 of April Term, 1910, were tried together in the court below and a similar decree

was entered in each case against the defendant and each defendant appealed to this court. It is agreed on all hands that the questions of fact and of law are precisely alike in these cases. They were bills in equity and averred in substance: 1. Ownership of plaintiff of the real estate described in the bill on February 23, 1909, and conveyance of same by deed dated on said date to the defendant. 2. That the deed was without consideration and that on said date plaintiff was of feeble mind and incompetent to transact business and to realize what he was doing. 3. That defendant knowing this conspired to procure the deed. The prayers are that the deed may be declared void. That the defendant be declared a trustee and decreed to reconvey the said real estate to plaintiff.

The cases both being alike, this opinion, although it will be filed in No. 160, April Term, 1910, is intended also to apply to said case at No. 161 of April Term, 1910, and in the latter we will only file a formal order dismissing the exceptions and affirming the decree, etc.

A careful examination of the testimony, findings of fact, conclusions of law, exceptions, arguments of counsel and the decree convinces us that the specifications of error are without merit. The testimony convinces us that the plaintiff was, at the time he executed and delivered the deeds in question, so mentally weak and irresponsible that he was not competent to transact business and take proper care of his property; that in fact each of said defendants overreached and defrauded the plaintiff and the effect of the deeds which they secured from this feeble old man left him without a home and practically a pauper, and neither of said defendants gave him any substantial consideration for said conveyances.

We discover no reversible error in the record of said cases and we are well satisfied with the decree made by the court below.

The assignments of error are all overruled and the decree is affirmed. And it is further ordered and decreed that the appellant pay the costs of this appeal.